IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Goettle, Inc., | : | |
| | : | Case No. 1:10-cv-187 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING MOTION TO |
| Burgess & Niple, Inc., | | DISMISS |
| | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Burgess & Niple, Inc.'s Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. 29). For the reasons that

follow, the Court will **DENY** the Motion to Dismiss.

I.      **BACKGROUND**

A.      **Factual Allegations**

Plaintiff Richard Goettle, Inc. ("Goettle") states the following relevant factual allegations

against Defendant Burgess & Niple, Inc. ("B&N") in the First Amended Complaint (doc. 13) and

the proposed Second Amended Complaint (doc. 37-1):[1] Goettle is corporation engaged in the

business of earth retention, marine construction, deep foundation construction, and related

services. In 2008, Goettle submitted a subcontract bid proposal for the development project in

_____

[1] The Court granted Goettle leave to file a Second Amended Complaint on August 4,
2010. The proposed Second Amended Complaint is substantively similar to the First Amended
Complaint in regard to the allegations against B&N, but Goettle has withdrawn a claim for
"Violation of Use Restrictions" against B&N and its prayer for injunctive relief. Goettle also
has omitted its claims against the now-dismissed former defendants. Despite having leave to do
so, Goettle has not filed the Second Amended Complaint as of the date of this Order.

Hamilton County, Ohio called The Banks Development Project ("the Project").  Goettle included

in the bid proposal a design called Goettle's Alternate Phase 1 Design.  Goettle has a copyright

— federal registration number VAu001013351 — in the Alternate Phase 1 Design.

B&N is a civil engineering company.  B&N was retained to serve as the project engineer

for the first phase of the Project.  B&N opposed Goettle's Alternate Phase 1 Design, but Goettle

was awarded a subcontract to perform earth retention work for the first phase of the Project.

Goettle installed a permanent earth retention system for the first phase.

Bid proposals were solicited for the second phase of the Project in 2009.  B&N again

served as the project engineer for the second phase.  B&N submitted a design for the permanent

earth retention work for the second phase of the Project ("B&N Phase 2 Design") and stamped

its design as prepared by B&N.  Goettle alleges that the B&N Phase 2 Design is "virtually a

verbatim copy of [Goettle's] copyrighted Alternate Phase 1 Design . . . down to the smallest

design detail."  (Doc. 13 at 4; Doc. 37-1 at 4.)  Goettle alleges that B&N willfully infringed upon

its copyright in the Alternate Phase 1 Design.

**B.**     **Procedural Posture**

On March 25, 2010, Goettle initiated this suit against multiple defendants, including

Defendant B&N.   On April 15, 2010, Goettle filed a First Amended Complaint asserting two

claims: (1) copyright infringement and (2) violation of use restrictions.  Goettle asserts only the

copyright infringement claim in the proposed Second Amended Complaint.  B&N filed the

pending Motion to Dismiss on June 14, 2010.  All of the defendants except for B&N were

dismissed pursuant to an Agreed Partial Entry of Dismissal (doc. 32) entered on June 29, 2010.

2

## II.     STANDARDS GOVERNING MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A district court "must read all well-pleaded allegations of the complaint as true."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).  However, this tenet is inapplicable to legal conclusions, including legal conclusions couched as factual allegations.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.

The Supreme Court gave the following additional guidance in *Iqbal*:

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

3

129 S. Ct. at 1950.

## III.    ANALYSIS

### A.    Count One:    Copyright Infringement

The Copyright Act protects "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."  17 U.S.C. § 102(a).  A plaintiff seeking to establish copyright infringement must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); s*ee also Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004); *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003).  Copying can be proven with indirect evidence that the defendant had access to the allegedly-infringed work and there was a substantial similarity between the two works.  *Kohus*, 328 F.3d at 854.

The Sixth Circuit has adopted a two-part test to determine substantial similarity.  "[T]he first step is to filter out the unoriginal, unprotectible elements-elements that were not independently created by the inventor, and that possess no minimal degree of creativity . . . through a variety of analyses."  *Id.* at 855 (internal citation omitted).  In cases "that involve a functional object rather than a creative work, it is necessary to eliminate those elements dictated by efficiency."  *Id.* at 856.  The second step requires a determination of "whether the allegedly infringing work is substantially similar to the protectible elements of the original" based on the "judgment of the ordinarily reasonable person" in the class of the "intended audience."  *Id.* at 856-57.  Courts have dismissed copyright infringement cases at the pleading

4

stage on Rule 12(b)(6) motions, including for lack of substantial similarity as a matter of law. *See*, *e.g.*, *Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63-65 (2d Cir. 2010) (stating that a court can resolve substantial similarity where either the similarity between the works "concerns only the non-copyrightable elements of the plaintiff's work" or because no reasonable jury could find the works to be substantially similar); *Taylor v. IBM*, 54 F. App'x 794, 794 (5th Cir. 2002) (dismissing where plaintiff failed to allege copying of copyrightable text); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143-44 (8th Cir. 1989) (finding no substantial similarity between song lyrics).

B&N moves to dismiss the First Amended Complaint on the grounds that Goettle failed to identify in the First Amended Complaint those aspects of the Alternate Phase 1 Design that were copyrightable. Goettle's Alternate Phase 1 Design is a design for the creation of an earth retention system. B&N contends that an earth retention system is a "useful article," a term of art defined in the Copyright Act as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The design of a useful article is protected under the Copyright Act "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *Id.* (defining "pictorial, graphic, and sculptural works"). B&N contends that allegations that a defendant infringed upon a design for a useful object do not rise to the level of plausibility under *Twombly* and *Iqbal* unless the plaintiff specifically identifies the elements of the design that are protectible under the Copyright Act.

In response, Goettle points out that a registered copyright is entitled to a presumption of

5

validity.  Under copyright law, generally no suit can be brought for infringement of a copyright until the copyright has been registered in accordance with law.  17 U.S.C. § 411(a).  "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c).  However, it does not necessarily follow from the fact that a valid copyright exists that copying of the copyrighted work is actionable.  Copyright infringement exists only in regards to the "copying of constituent elements of the work that are original."  *Feist Publ'ns*, 499 U.S. at 361.  The burden is on the defendant to rebut the presumption that a copyright is invalid.  *Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995).

Post-*Feist Publications*, but pre-*Twombly* and *Iqbal,* at least two federal courts held that a plaintiff need not specifically allege which elements of a copyrighted work are original and, therefore, protected.  *Mid America Title Co. v. Kirk*, 991 F.2d 417, 422 (7th Cir. 1993) (stating that *Feist Publications* does not require a determination of originality at the pleading stage); *Kindergartners Count, Inc. v. Demoulin*, 171 F. Supp. 2d 1183, 1189-90 (D. Kan. 2001) (stating that originality need not be pleaded to survive Rule 12(b)(6), but rather is only an issue for summary judgment).  On the other hand, post-*Twombly* and *Iqbal*, a court in the Southern District of Ohio dismissed a claim where the plaintiff failed to allege that the defendant's design of a useful article copied the ornamental or artistic elements of the plaintiff's design for the useful article.  *Johnson v. Marc Ecko UN LTD.*, No. 3:09cv00048, 2009 WL 3739001, at *6-8 (S.D. Ohio Nov. 5, 2009).

Neither party identifies any decision by the Sixth Circuit Court of Appeals which has

addressed the post-*Twombly* and *Iqbal* pleading requirements for a copyright infringement claim

in a manner relevant to the instant case.  B&N's contention that the non-utilitarian aspects of a

design for a useful article must be specifically identified in the complaint in order to state a claim

for copyright infringement would impose a heightened pleading requirement for one category of

copyright claims.  The heightened standard likely would be inapplicable to claims for

infringement of a literary or musical work.

The standard suggested by B&N also would require a plaintiff and the Court to make at

the pleading stage the factual determination that the work alleged to be infringed is the design of

a useful article.  That type of factual determination ordinarily is appropriate only at summary

judgment or trial.  *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 710 (9th Cir. 2010)

("The determination whether a toy is . . . an uncopyrightable "useful article" is a fact-intensive

one that must be decided on a case-by-case basis, and is properly submitted to the jury for

resolution when there is a genuine factual dispute."); *Warren Sign Co., Inc. v. Piros Signs, Inc.*,

No. 4:10-cv-15, 2010 WL 3034637, at *5 (E.D. Mo. Aug. 3, 2010) (denying motion to dismiss

because the court could not determine based on the complaint allegations and documents

whether the drawing of a sign depicted a "useful article"); *Boyds Collection, Ltd. v. Bearington

Collection, Inc.*, 365 F. Supp. 2d 612, 617 (M.D. Pa. 2005) (stating that the classification of a

design "as a 'useful article' is not an all-or-nothing proposition; the issue must be addressed on a

case-by-case basis."); *The Tactical Tailor, Inc. v. Hirayama*, No. C05-5463FDB, 2005 WL

2206808, at *1 (W.D. Wash. Sept. 8, 2005) ("Defendant's argument that the actual articles are

ineligible for copyright protection because they are useful articles is an issue of fact, which

cannot be determined on a motion to dismiss for failure to state a claim.").  The Court will not

7

impose the heightened pleading standard suggested by B&N for a particular category of copyright claims under the auspices of *Twombly* and *Iqbal* without direct guidance from the Sixth Circuit Court of Appeals or the Supreme Court.

Having determined that a heightened pleading standard is inapplicable, the Court now must determine if Goettle adequately has pleaded its copyright infringement claim.  Goettle has pleaded ownership of a copyrighted work, the Alternate Phase 1 Design, and provided a copy of the copyright Certificate of Registration.  (Doc. 13 at 2 & Ex. A.)  It also has pleaded that B&N copied the copyrighted work and attached comparison sheets with examples to illustrate the manner by which the designs are substantially similar.  (*Id.* at 4 & Ex. B.)  The Court holds that Goettle's allegations are sufficient to state a claim for copyright infringement.  *See Basevi, Inc. v. Acorn Co.*, No. CV 08-7145, 2009 WL 764532, at *4 (C.D. Cal. Mar. 19, 2009) (holding that a plaintiff adequately pleaded copyright infringement where it "identified the copyrighted artworks; attached exhibits showing the copyright registration numbers of the works and noting that the restored copyrights were granted under the URAA; alleged that Defendant has sold prayer cards with the copyrighted artwork; and attached images of five of the allegedly infringing cards").

**B.      Count Two:   Violation of Use Restrictions**

In Count Two of the First Amended Complaint, Goettle alleges that B&N copied its design "virtually verbatim down to the smallest design detail" without Goettle's authorization. (Doc. 13 at 6.)  B&N moves to dismiss this claim on the grounds that no such claim exists under Ohio law and that any such claim would be preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301.  Goettle does not contest B&N's Motion to Dismiss as to this claim.  Moreover,

Goettle omits this claim from its proposed Second Amended Complaint. (Doc. 37-1.) The Court considers Goettle to have withdrawn this claim. B&N's Motion to Dismiss is moot as to Count Two of the First Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, B&N's Motion to Dismiss (doc. 29) is **DENIED** as to the copyright infringement claim stated in the First Amended Complaint and the proposed Second Amended Complaint. Goettle has withdrawn Count Two of the First Amended Complaint.

IT IS SO ORDERED.


                                                      ___s/Susan J. Dlott_____
                                                      Chief Judge Susan J. Dlott
                                                      United States District Court